# Default Judgment[1]

Case Name and Docket Number: ***Stephen Flanagan et al. v. STC Sales & Service LLC and Rashawn Lowe Sr.*, No. 19-CV-0501 (DRH)(GRB)**

Having reviewed all of the moving papers, I hereby find as follows:

***Service of Process and Default***

X  The record reflects that proper service was made on defendants.  [DE 5-6]

X  According to the record, no answer, motion or other appearance was filed on behalf of defendants.

X  The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a). [DE 9]

***Liability***

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Nevertheless, the court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the defendants' liability on the following cause(s) of action:

>First Cause of Action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185 to recover unpaid benefit contributions and related relief.

***Damages***

Whereas unpaid contributions, interest, liquidated damages and reasonable fees and costs are provided pursuant to 29 U.S.C. § 1132(g)(2) and the collective bargaining agreement, and based upon a review of declarations and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiffs have established damages in the following amount(s):

| | | | |
|---|---|---|---|
| X  **Principal Damages** [DE 13, 15] | | | **$ 16,924.78** |
| Consisting of: | Unpaid Contributions [DE 13, Exs. A-C; DE 15]: | $12,439.68 | |
| | Interest [DE 13 Exs. D-E; DE 15]: | $ 1,997.16 | |
| | Liquidated Damages [DE 13, Ex. D; DE 15]: | $ 2,487.94 | |
| X  **Attorneys' Fees**, if authorized (see Appendix A) | | | $      0.00 |
| X  **Costs**, if authorized (see Appendix A) | | | $    716.25 |
| **TOTAL** | | | **$  17,641.03** |

---

[1]Because the undersigned became a United States District Court Judge on January 6, 2020, rather than issuing a Report and Recommendation, the undersigned is issuing this Default Judgment to conserve judicial resources.

*Conclusion*

For the foregoing reasons, the undersigned grants plaintiffs' motion for default judgment and directs that the Clerk of the Court enter the default judgment and enter Judgment awarding plaintiffs damages in the amount of $17,641.03.

Plaintiffs are directed (1) to serve copies of this Default Judgment by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.

**SO ORDERED.**

| /s/ Gary R. Brown | January 17, 2020 |
|---|---|
| GARY R. BROWN, United States District Judge | Date |

# Appendix A to Default Judgment: Attorneys' Fees and Costs

*Case Name and Docket Number: Stephen Flanagan et al. v. v. STC Sales & Service LLC and Rashawn Lowe Sr.*, **No. 19-CV-0501 (DRH)(GRB)**

  Section 1132(g)(2)(D) of Title 29 of the United States Code mandates that a court award attorneys' fees to plaintiffs successful in actions brought under 29 U.S.C. § 1145. *See* § 1132(g)(2)(d) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan . . . reasonable attorney's fees . . . ."); *see Finkel v. Athena Light & Power LLC*, No. 14-CV-3585 (DLI)(PK), 2016 WL 4742279, at *10 (E.D.N.Y. Sept. 11, 2016) (citing *Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004)). At the same time, parties seeking fees within this Circuit are required "to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). "The records must be made contemporaneously, which is to say, while the work is being done or, more likely, immediately thereafter." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010). The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of hours spent and rates charged, and the contemporaneous records must detail the services rendered in connection with the action, including the name and background of each attorney who worked on the matter, the date the services were performed, the hours spent and the hourly rate charged. *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Carey*, 711 F.2d at 1148. Here, plaintiffs seek to recover $1,750.00 in attorney fees, which includes *inter alia* three hours of work for "Post Judgment Procedures." *See* DE 13, Ex. F. Putting aside the ambiguous nature of counsel's billing for "Post Judgment Procedures," considering that this court has yet to enter judgment, *see Nationstar Mortgage LLC v. Atansas*, No. 6:16-CV-06832 EAW, 2018 WL 620491, at *4 (W.D.N.Y. Jan. 29, 2018) (citing *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *7 (E.D.N.Y. July 17, 2015)), the "Attorney's Fees Itemization" submitted with this motion is not a contemporaneous record, but rather reflects a historical, post-hoc compilation of completed tasks. *See* DE 13, Ex. F. Moreover, plaintiffs' application fails to provide information regarding the dates on which such services were performed. Accordingly, plaintiffs' motion for attorneys' fees is denied without prejudice to renewal upon the submission of proper documentation for the fees sought, filed within 30 days of the date of this Order.

*Costs*[2]

| Item (specify each) | Evidentiary Support | Approved Amount |
| --- | --- | --- |
| Filing Fee | DE [13] at Ex. G | $400.00 |
| Service Costs | DE [13] at Ex. G | $ 275.00 |
| Business Records Service and Skip Trace Service | DE [13] at Ex. G | $ 41.25 |
| **Total Costs** | | **$ 716.25** |

---

[2]*Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees).